This morning we have four argued cases and one submitted case. One case, Lewis v. Wilkie, will be submitted on the briefs. Our first oral argument this morning is 18-1680, Surf Waves, Ltd. v. Pacific Surf Designs, Incorporated. Mr. Tasche, please begin when you're ready. You've reserved eight minutes, is that right? Possibly less, Your Honor. Okay. Or possibly more, sorry. Possibly more, not less time. I don't anticipate saying much this morning. Fifteen minutes. Go ahead and begin. Good morning. May it please the Court, I'm Rick Tasche with the law firm of Buck Holter on behalf of the appellant, Surf Waves, Ltd. I'd like to begin this morning by expressing our appreciation on behalf of the client to the Court for raising the jurisdictional issue as we believe it is dispositive of this case. Why didn't you raise it? That decision came out right around the time you filed your blue brief. And you had almost a year, you had a reply brief, and then time after that to notify us of the case, and you didn't. It's a fair point, Your Honor, and it's something that in hindsight we wish that we would have done. But the Supreme Court has made clear in United States v. Cotton that subject matter jurisdiction can't be forfeited or waived, and it also instructs – Do you think this is a jurisdictional bar? I do, Your Honor. Why? It's subject matter jurisdiction that whether or not the PTAB had the authority to institute the IPR proceeding based on a time bar. What support do you have for the notion that time bars are jurisdictional? I believe this Court decided that issue in the click-to-call case as well as in the reply brief. I don't think that we decided that at all because it wasn't implicated on whether it was a jurisdictional bar or not because it was directly raised there. There wasn't a waiver question. Does that make sense? Even though the word jurisdiction was used in click-to-call, it doesn't necessarily mean that this Court considered and grappled with the idea of whether that statute of limitations is in fact a jurisdictional limit that could not be waivable. And there's a number of Supreme Court decisions that talk about whether statutes that talk about time bars are jurisdictional or not. And so it's not a clear-cut determination. It's not clear-cut already or determined by this Court that it's jurisdictional. So the question is whether you have any additional arguments or thoughts for us today on whether it's jurisdictional or not or whether it's a time bar that could be limited, that could be waived. It's a great question. Thank you, Your Honor. We believe that it is a jurisdictional issue. We believe it's a gating event and that as a result, it's not something that can be waived. Especially at the time in question, we believe that this Court and the PTAB was adopting an interpretation of the 315B rule that it was directed to cases that had not been dismissed without prejudice. And when this Court decided that issue back in 2018, it was a different interpretation of the rule. And at the time, neither the PTAB during its initiation of the underlying IPR petition or its subsequent final written decision addressed the 315 issue. Are you familiar with the Supreme Court opinion, City of Arlington, Texas versus FCC? It came out about five years ago. I'm not, Your Honor. Okay. What about Hamilton Beach? That's a decision by our Court where we held that there was no cross appeal that had been filed on the 315B issue. And that, therefore, the Court didn't have to address it. Now, if the 315B issue really presented a jurisdictional bar, I don't see how the cross appeal would have mattered. So, how do you, what's your response to this Court's decision in Hamilton Beach? I think that the Hamilton Beach decision can be distinguished from our current case. And that in the Hamilton Beach decision, the patent owner didn't challenge the Court's IPR decision where it affirmed or upheld the validity of its patent. And so, unlike the current situation where we have, in fact, appealed the IPR decision of the Board, we believe that we have the appropriate standing to raise the 315B jurisdictional issue. That's only because the PTAB ruled in favor of the patent owner in that case. And then the cross appeal was, even if you think there's something wrong with the Board's decision, we think that this should not have been instituted, right? I believe that is the case, Your Honor. I don't understand the distinction. Let me try this a little bit differently. When it comes to the courts and court jurisdiction, courts have always said that's a threshold issue. And you have to address that before anything else. And so, just playing with the logic of what happened in Mass. Hamilton, I don't see how the court in Mass. Hamilton could have just refused to address what you call the jurisdictional question, the time bar rule, by simply saying, well, you needed to file a cross appeal for that. If it's truly a jurisdictional question, then that would have to be the very first issue addressed and confronted by the court, rather than the court refusing to address it. Isn't that right? Again, I'm not familiar with that case, Your Honor, so I'm unable to specifically address the question. But with respect to... This is the opinion the other side cited, too. The Hamilton Beach case. Oh, I'm sorry. Could I ask you to repeat your statement, please? Oh, yeah. If the time bar is truly a jurisdictional question, as you claim it is, then in Hamilton, this court would have needed to address that issue once it was raised by anybody, or it would have had to address it sua sponte as well. It certainly would have not been permitted to ignore the question. Under any circumstances, regardless of whether one could argue that it might be best to present it in a cross appeal versus just keeping it in the red brief. If it's a truly, truly jurisdictional question, then there would be no way for the court to escape addressing it. Isn't that right? I believe, and again, I may be misreading the case, but it was my understanding that the patent owner did not file a cross appeal. And as a result, did not have the standing to raise or to cause... That's a different question. If it was truly jurisdictional, they didn't need to file a cross appeal because the court always has a responsibility to address its jurisdiction and the underlying tribunal jurisdiction. So whether there was a cross appeal or not, if it's a jurisdictional question, we got to hear it. If it's not a jurisdictional question, then the failure to preserve it in a cross appeal does matter. So the clear implication of that case is it wasn't jurisdictional. Because it wasn't and there was no cross appeal, we didn't hear it. Why shouldn't we follow that reasoning here? From our perspective, Your Honor. Let me ask you this. The Supreme Court has made pretty clear in the last decade or two that claims, processing rules, timing rules for bringing any types of cases are generally not to be considered jurisdictional. The court has chastised a number of lower courts, including this court, for playing loose with the term jurisdictional when it describes timing of claims or statute of limitations. And said that in order for it to be considered a jurisdictional statute of limitation or time for filing, it has to be clear from Congress's intent. And they do that by including it in a jurisdiction statement or making some other kind of statement that it's to be considered jurisdictional and not just a time to file suit. Where in this statute does it make it clear that Congress intended for this time bar to be jurisdictional? I can't cite a specific location in the statute that suggests that, Your Honor. We're operating under the assumption that it is a jurisdictional issue and it's one that can't be waived or forfeited. And especially in light of the facts of our case where the ruling in the Click to Call case came out at or about the same time we filed our brief. And we acknowledge that we were remiss in not filing supplemental briefings on the issue. Mr. Teshi, I'm sorry, you're into your rebuttal. Do you want to say something about the merits of this case? Certainly, Your Honor. Just to let you know, you are into your rebuttal, so you should probably be quick. Yes, I will. With respect to the substantive issues of our appeal, Your Honor, we're not asking the court to either make new law or work in the fringes of preexisting law. We believe that this was a clear error in a fundamental tenet of claim construction that was done by the board. They ignored the intrinsic evidence, both in terms of the ample disclosure within the specification that identified the ability to turn and maneuver on the upwardly extending sidewall as a fundamental essence of the invention so that one could transition from one sidewall of the activity section across the middle section and onto the second sidewall of the activity section. And we also believe that the board ignored clear prosecution history that was at odds with the construction that was adopted by the board, where during the prosecution of the application, the applicant amended the claims to distinguish the 107 patent that was directed to a containerless ride. Did you bring up the 107 patent and the whole prosecution question in the patent owner response here?  Where would that be in the JA? May I address that answer? Sure. And so we believe that the board, ignoring both the ample disclosure contained within the specification and the prosecution history where the applicant expressly distinguished containerless rides, which is what the 107 was, made clear that the 016 patent is a containered ride and required the ability to maneuver and turn on the sidewalls as the essence of the invention. And the construction that was adopted by the board read that out. And they expressly acknowledged that in their final written decision. And in so doing, they allowed... You're talking about whether the sidewalls have to be traversable by the rider? Yes, exactly, Your Honor. And in so... The board found that the 530 patent, prior art patent, those curved sidewalls, they might be smallish curved sidewalls, but they're sidewalls, nevertheless, that curve upward. And therefore, someone riding that could traverse those sidewalls. As we pointed out in our appeal brief, Your Honor, we put side-by-side images on page 27 of our appeal brief of the 107 patent and the 530 patent to show that they look almost identical. They're both containerless rides. They both have water spilling over the sides. It's clear that I believe it's element 180 or 160 is a foam pad that's not intended to be curved substantially upwardly from an edge so that... Do you agree that most of the issues that you're asking us to review on the merits are reviewed for substantial evidence? I understand you have a claim construction argument, but I really see your appeal as really talking about whether the prior art includes the claim limitations and that it's a substantial evidence case. Do you agree with that? I don't, Your Honor. I actually think that this is a claim construction issue, not an interpretation of the claim once construed. We will readily concede that if the court finds that the board's construction is appropriate, the patent's invalid. But we believe that the board got it wrong and its claim construction is at odds with well-established law that you can't construe a claim to invalidate the claim. And the construction that the board adopted reads on the prior art. It reads right on the 107. As we show on page 21 of our appeal brief, we put a side-by-side image and show that it reads right on the 107 patent, which was distinguished during prosecution. I understand your point. I apologize. I got my cases confused for a minute. I think what I meant to ask you was your case relies solely on claim construction. Is that correct? Predominantly, yes, Your Honor. Yeah, and so if we agreed with the board's claim construction, you do not challenge the anticipation determinations that the board made. Is that correct? It is, Your Honor. Thank you. And one other question I had is what is the impact of this appeal on the related district court case? It's significant in two respects. One is the Judge Benitez in the underlying district court case dismissed, and from our perspective, prematurely dismissed the 016 patent case, and we have an appeal pending. And so to the extent that the court were to reverse, which is what we believe should happen on the claim construction issue, that case would be reinstated and it would moot our second appeal. I'll reserve the remainder of my time, Your Honor. Right. We'll give you a couple minutes for rebuttal. Thank you. Okay. Let's hear from the other side. Thank you, Your Honors, and may it please the court. My name is Charan Brahma, and I'm representing the Appellee Pacific Service lines. I suppose we should start with the time bar jurisdictional issue. I think we're in complete agreement that the time bar should be interpreted as non-jurisdictional, or at least that analysis certainly was not done in click-to-call, as the court pointed out. And looking at the statute itself, there's nothing to suggest that the time bar in this particular instance rises above the high bar that would overcome the general rule that such time bars should be treated as non-jurisdictional. If an agency takes an action that is clearly outside of the statutory powers that was granted by Congress, then isn't it exercising powers outside of its jurisdiction? Well, there's a separate question of if the agency is acting in violation of constitutional due process or something of that sort. But that type of action is exactly what the statute – For example, in an IPR, if the agency said in a final written decision, these claims are invalid under section 101, that would clearly be exceeding the statutory powers conferred by Congress in granting the agency the ability to undertake these IPR proceedings. Well, for example, Your Honor, if the board – Would it be outside its jurisdiction to reach a 101 issue in an IPR? It would be outside of its powers. I wouldn't necessarily say that that would make that portion of the statute jurisdictional. And to demonstrate that point, I think one wrinkle on the situation that you described might be that if the PTAB had instituted the Interparties Review on a 101 grounds, for example, but then did not rule on that grounds or did not carry that through to the final written decision, then theoretically, or at least based on the language of the statute, which seems clear, that should be unappealable. And it wouldn't be a defect in the PTAB's institution decision that would then negate the final written decision. Let me see if I understand. If in an IPR, the patent board invalidates all the claims of a patent solely on section 101, and then the patent owner appeals that adverse decision to us, but doesn't argue anything about this being ultra vires or exceeding the powers granted by Congress for the board to do, you're saying that's a waived issue? I believe that's correct, Your Honor. That would be a waived issue. And that is perhaps a harsh result. Aren't something we could or would raise sua sponte as a court? No. And on that note, I would point to this court's decision in Dixon. So in Dixon, this court considered a non-jurisdictional time bar. This is Dixon v. McDonald, 815 F. 3rd, 799, and addressed particularly that question. For a non-jurisdictional time bar. Do you know what the subject matter was of that case? It doesn't sound like a patent case. It is not a patent case, Your Honor. I simply raise it because it also dealt with a statute applying a time bar to claims raised in the Veterans Court. And in that decision, this court recognized the general rule that generally speaking, the court doesn't have sua sponte authority to exercise for a party a timeliness defense that it should have raised itself. Where the time bar is non-jurisdictional. Are you familiar with the Supreme Court cases that we were asking your opposing counsel about during? In fairness, I haven't read City of Arlington, but I would point this court to its own decision in Ford Motor Company v. U.S., 811 F. 3rd, 1371, which deals with basically the same principle. The general rule is that a time bar statute like the one here is not viewed as jurisdictional unless the statutory language is very clear about making it jurisdictional. And it doesn't matter how harshly the time bar is worded. There are other Supreme Court cases, for example, U.S. v. Kwai-Fung Wong, 135 S.C.T. 1625, which is a 2015 case, where the statute of limitations was worded as, shall forever be barred. But even that kind of definitive pronouncement- Also, in addition to the line of authority from the Supreme Court that time bars for filing in court are generally to be considered non-jurisdictional, there's another line of cases that suggests that talking about an agency's authority in that traditional jurisdictional sense isn't quite the right way to go about this. Did you find any precedent that talks about how time bars are to be considered in an agency context? Because usually when we're talking about an agency exceeding its authority, whether it's ultra-virus or not, and certainly ultra-virus in the sense that the action is void ab initio from the start. I will admit that I did not find one. That doesn't mean that there isn't one out there, given that this issue was raised relatively late in the appeal process. I would note that in other circumstances, for example, in Sikorsky v. U.S., that statutory time bar related to a government agency raising claims against a government contractor and the time in which it could do that. So I think one wrinkle here is that while this is a bar on an agency action of instituting the inter-parties review, the portion of the agency that is being dealt with is akin to a lower court in that it is conducting an inter-parties judicial process. Do you find any relevance in the fact that the statute specifically, or maybe not the statute, I'm going to get this wrong, but either the statute or the PTAB's own regulations allow the PTAB to join a time bar party to a proceeding that has been properly instituted by a party that's not time barred? It seems to me that if it were a jurisdictional rule, the PTAB wouldn't have the authority to exercise any arguments from that time bar party at all, but yet they have a rule that allows them to do so. I would say – I think there's statutory language directly accepts that type of situation from the normal time bar. So I wouldn't – ordinarily I would say yes, if the time bar was cut and dry, then there would be nothing to join. But the statute in particular talks about a time barred party who seeks to join a non-time barred party being accepted from the normal time bar. But doesn't that suggest Congress's intent that this isn't to be considered a jurisdictional rule? I think that's absolutely right, and it is a more nuanced decision than simply looking at what the date of filing or service of the complaint was and the date of filing of the IPR. So there is an actual determination to be made there. So I agree that that does suggest that it is not jurisdictional and that there are – that there is a determination to be made by the board as part of the institution decision. Now that goes to the underlying Wi-Fi One decision and the language – the clarity of the language of that unappealability statutory language. So given that the statute has not been found to be jurisdictional, and indeed if the statutory language is analyzed it should be found to be non-jurisdictional, the timeliness defense was waived by Petitioner-Surf Ways. So if those are the only questions on that issue, I'll move to the waiver and substantive issues. And I think the court hit it on the head, most of these issues are claim construction issues and the most important thing to note is that no claim construction was asked for below by Surf Ways. Now that the board though interpreted the claims, even if nobody asked for an interpretation, doesn't that mean that the board's interpretation is subject to appellate review? It doesn't really matter whether it was raised or not, right? Certainly the board did conduct claim construction two times at the decision stage and at the final written decision stage. There are two different claim constructions in those decisions and the court certainly can review those claim constructions. However, where Surf Ways is asking for new constructions or new terms to be construed, those arguments are waived. And that's relatively clear from Interactive Gift Express, which even Surf Ways cites too. Well, Surf Ways just told us that they argued about the prosecution history here for this patent as informing a particular understanding of these claims and was talking about the difference between a container-less surf ride versus, I don't know, I guess a containered surf ride. Right. And so therefore the board is mistakenly relying on prior art that if you line it up against the prior art that was distinguished during the prosecution history necessarily has to exclude the asserted prior art here. Two things about that, Your Honor. First, the argument that the board's construction was inconsistent with the prosecution history wasn't raised, at least as far as we can tell, until the reply brief in this appeal when we raised the waiver argument. But the second thing is to the extent that that argument is raised in the reply brief, the side-by-side comparison they're doing is inaccurate. It is an inaccurate portrayal of what the argument was during the prosecution history. In the prosecution history, and I'll turn to the 107 patent, the portion of the 107 patent that was being considered by the examiner was figures 4A to 4C, whereas the figure that they are relying on is figures 18A to 18B, I believe. You have a JA site? Yes. The JA site for the patent as a whole, it starts on Appendix 462. Figures 4A to 4C are Appendix 468, and figures 18A to 18B are Appendix 487. The figures that the examiner was looking at show a container-less ride that has down-sloping sidewalls. Obviously, the distinction of adding language that says that the claimed invention of the 016 patent has sidewalls that are curved substantially upward, that would distinguish from downward-sloping sidewalls. That was the point that was being made in the prosecution history. Nothing about traversability. In fact, if you look at figure 4C, for example, that shows a rider traversing the downward-sloping sidewall. Traversability itself is not the distinction that was being made during prosecution. It was whether the sidewall was upward or downward. And you're looking specifically for the prosecution history. You're looking at page 424 directly? I believe that is correct.  And so the crux of the argument there had nothing to do with traversability. And to suggest that now there is some mapping of the claims onto the 107 patent, A, that there is no evidence to make that mapping. So, for example, their expert declarant never suggested that under the board's claim construction or any other claim construction, the claims were now being read onto the 107 patent. So all of that is really now attorney argument. And again, it wasn't made before the PTAB. So they didn't get a chance to respond to it, nor did we during the IPR proceeding itself. So it shouldn't be considered by this court. I think those are the only arguments I have. If there are any other questions, I'm obviously here to answer them. Okay, thank you. Thank you, Your Honor. Thank you, Your Honor. First, let me address the question I committed to get you an answer for. In our reply brief, we cited the Lemelson case that holds that the prosecution history is such a fundamental component of claim construction, that even if there's a dispute as to whether a party has raised any claim construction arguments based upon the prosecution history, the court should consider such arguments in its appeal. We also identified the 107, not by name, but generally referring to the prosecution history in the claim construction briefing that was filed in the district court case. What about in your patent owner response in this IPR? We referenced generally the prosecution history, but not specifically the 107. So this particular argument you're making now about what happened during the prosecution history of the patent in terms of distinguishing the 107 patent, and thereby that informing how we should understand the claims here, you're saying you didn't actually make that argument in your patent owner response in this IPR? I am saying that... Is that fair to say? I don't think we specifically call out the 107 in our patent owner's response, Your Honor, but we do specifically reference the essence of the invention being traversability and the language of the prosecution history that included the addition to overcome and get the claim allowed. But I don't think we specifically call out the 107, no. And you talk about the language that was added in that prosecution history to get the claim allowed. You're talking about substantially upward, right? Correct. Nothing having to do with traversability, right? Correct, but we do in the patent owner's response specifically say that traversability is the essence of the invention that's contained within the disclosure. But how would the board know that you were referencing that when you talk about that? Well, anyway, it doesn't matter, but I just don't know how the board was going to know that you were relying on that prosecution history, let alone the prosecution history, the claim language, and let alone a particular statement on a page of the prosecution history. The prosecution history was of record for the board, and they were on notice. We also made all of these arguments in the district court case, and those briefs were included by Pacific Surf Designs in its petition to institute the IPR, and so they were also of record. You're out of time. Do you have a final thought quickly? That's it. Thank you. Okay, thank you. This case is submitted. Thank you.